IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HAKIM NASEER,

                             Plaintiff,

           v.

SGT. HILL, SGT. WALLACE,
C/O M. MCCULLICK,
C/O J.D. FISHER, SARA MASON,
NURSE M. HARTMANN,
NURSE A. CAMPBELL,

                          Defendants.

ORDER

10-cv-139-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff is proceeding in this case on his Eighth Amendment claims that (1) defendant McCullick used excessive force against him when she broke his arm as it was sticking outside the trap on his cell door; (2) defendant Fisher failed to intervene when McCullick injured plaintiff; (3) defendant Mason failed to protect plaintiff from future assault; and (4) defendants Hill, Wallace, Hartmann and Campbell failed to provide adequate medical treatment to plaintiff after his injury.  All of the defendants have answered the complaint except defendant Campbell, whose answer is to be filed within a short time.  Now plaintiff has filed two motions for preliminary injunctive relief and a motion for

1

appointment of counsel.

Plaintiff's first motion for injunctive relief is a six-page document consisting of a motion, proposed findings of fact and brief in support.  In this document, plaintiff says that defendants denied him recreation time, defendant Hill took his legal documents, defendant Wallace denied him access to law library resources, defendant McCullick threatened to tamper with his legal mail and defendant Mason did nothing when other guards threatened to poison plaintiff's food and she ignored plaintiff's complaints about staff misconduct. Plaintiff's second motion for injunctive relief is a combined motion, brief and affidavit in which plaintiff alleges that defendant Mason instructed other officers and unit staff to inflict "psychological pain" on plaintiff by denying him access to the law library, denying him pens, and hygiene items, contaminating his food, and holding his legal mail "for an extended period."

I cannot consider plaintiff's motions for injunctive relief at this time because plaintiff's submissions do not comply with this court's procedures for obtaining a preliminary injunction.  In particular, plaintiff has not submitted admissible evidence to support his requests for an injunction and he has not proposed facts in reliance on such evidence.  Therefore, I will deny his motions without prejudice because he has failed to follow this court's procedures for obtaining injunctive relief.  Those procedures are set out in a document titled <u>Procedure To Be Followed On Motions For Injunctive Relief</u>, a copy

2

of which is included with this order. Plaintiff should pay particular attention to those parts of the procedure that require him to submit proposed findings of fact in support of his motion and point to admissible evidence in the record to support each factual proposition.

Even if plaintiff refiles these motions in accordance with the court's procedures on motions for injunctive relief, he is cautioned further that I cannot grant him injunctive relief on issues that do not relate to the claims on which he has been allowed leave to proceed. Plaintiff's allegations that prison staff denied him recreation time and hygiene items and threatened to poison his food do not relate to his broken arm, so they cannot be addressed in a motion for preliminary injunctive relief in this lawsuit.

As for plaintiff's allegations regarding his legal mail and law library access, there is only one situation in which I may take up the matter of court access in the context of a pending lawsuit such as this, which does not include a claim of denial of access to the court in the underlying complaint. If plaintiff could show that prison officials were actively and physically blocking his ability to come to trial or defend against a motion filed by the defendants, I may ask defendants' counsel to look into the matter and report the circumstances to the court. Plaintiff's allegations that he does not receive enough time in the law library or had his legal mail held for a period of time are not the type of allegations that suggest that plaintiff is being blocked from coming to trial or defending against motions.

A final problem with plaintiff's motions for injunctive relief is that he should not

combine his motion, brief, proposed findings, affidavit, or any combination thereof, in a single submission.  Instead he should draft each as a separate document, insuring that he has signed his submissions and included a case caption.

I turn next to plaintiff's motion for appointment of counsel.  As a starting point, this court would appoint a lawyer for almost every pro se plaintiff if lawyers were available to take these cases.  But they are not.  Most lawyers do not have the time, the background or the desire to represent pro se plaintiffs in a pro bono capacity, and this court cannot make them.  So the court appoints counsel only in cases in which there is a demonstrated need, using the appropriate legal test.

In deciding whether to appoint counsel, I must first find that plaintiff has made a reasonable effort to find a lawyer on his own and has been unsuccessful or that he has been prevented from making such an effort.  Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992).  To prove that he has made a reasonable effort to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers that he asked to represent him on the issues on which he has been allowed to proceed and who turned him down.  Plaintiff has attached to his motion copies of letters from three law firms declining to represent him in this case.  Therefore, plaintiff has made the necessary showing of having made a reasonable effort to find a lawyer on his own.

Second, I must consider both the complexity of the case and the plaintiff's ability to

4

litigate it himself.  <u>Pruitt v. Mote</u>, 503 F.3d 647, 655 (7th Cir. 2007).  In his motion, plaintiff asks for court-appointed counsel because he needs assistance "track[ing] down" defendant Campbell, locating an expert witness and gathering evidence to prove his claims. Plaintiff should know that defendant Campbell was served by a deputy United States Marshal on May 11, 2010 and her answer is due to be filed within a short time.  After defendant Campbell has answered the complaint, the court will schedule a telephonic pretrial conference with Magistrate Judge Stephen Crocker.  At the conference, plaintiff will be given the opportunity to ask the magistrate judge any questions he has about litigating his case. In addition, plaintiff will be instructed about how to use discovery techniques available to all litigants under the Federal Rules of Civil Procedure so that he can gather the evidence he needs to prove his case.  He will receive this court's procedures for filing or opposing dispositive motions and for calling witnesses, both of which were written for the very purpose of helping pro se litigants understand how these matters work.

With respect to the complexity of the case, it is too early to determine whether this case is factually or legally difficult.  The law governing plaintiff's claims is straightforward and was explained to him in the order granting him leave to proceed.  As for the facts, plaintiff has personal knowledge of the incident and the treatment he did or did not get.  He should be able to obtain access to his own medical records to corroborate this information. Plaintiff expresses concern in his motion that he does not possess the skills necessary to

successfully present his case because of his mental illnesses.  Although I appreciate the difficulties plaintiff may face in dealing with the effects of his illnesses, it appears that his specific concerns relate to interactions during trial and his lack of social skills.  Although it is almost certain that a lawyer will have spent more time than plaintiff in courtroom settings and as a result may be more at ease in front of the judge and jury, this is not a good reason to appoint counsel.  No doubt a lawyer could do a better job than plaintiff at litigating this case.  But the test is not whether a good lawyer would do a better job than the pro se litigant. A lawyer is always presumed to be more capable at litigating than a lay person.

Moreover, plaintiff's lawsuit is in its earliest stages.  A date for trial has not yet been scheduled and there are many steps yet to take to move the case to resolution.  In sum, at this early stage I conclude that plaintiff has not shown that he is incapable of prosecuting this case on his own in light of its complexity.  His motion for appointment of counsel will be denied without prejudice to his refiling it at a later date.


ORDER

IT IS ORDERED that plaintiff Hakim's Naseer's motions for preliminary injunctive relief, dkts. ##11 and 15, are DENIED without prejudice to plaintiff's refiling a motion that complies with this court's procedures for requesting preliminary injunctive relief.

Further, IT IS ORDERED that plaintiff's motion for appointment of counsel, dkt.

6

#15, is DENIED without prejudice.

Entered this 28th day of May, 2010.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge