IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HAKIM NASEER,

                Plaintiff,

v.

SGT. HILL, SGT. WALLACE,
C/O M. MCCULLICK,
C/O J.D. FISHER, SARA MASON,
NURSE M. HARTMANN,
NURSE A. CAMPBELL,

                Defendants.

OPINION AND ORDER

Case No. 10-cv-0139-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Hakim Naseer, a prisoner at the Wisconsin Secure Program Facility, is proceeding on his Eighth Amendment claims that (1) Officer McCullick used excessive force by slamming plaintiff's arm in a cell door and Officer Fisher failed to intervene; (2) Sergeants Hill and Wallace and Nurses Hartman and Campbell failed to provide adequate medical treatment; and (3) Sara Mason failed to protect him from future assaults.

Before the court are four motions. Plaintiff has filed a motion for preliminary injunctive relief and defendants have filed a motion for summary judgment for plaintiff's failure to exhaust administrative remedies. In addition, defendants have moved to strike

1

Copy of this document has been provided to: [signature]
this ___ day of ___, 20__
by ___
S. Vogel, Secretary to
Judge Barbara B. Crabb

plaintiff's motion for injunctive relief and plaintiff has moved to disregard defendant's motion for summary judgment.

I will deny defendants' motion to strike plaintiff's motion for preliminary injunctive relief, but I will also deny plaintiff's motion for preliminary injunctive relief because plaintiff has failed to comply with court procedures in his motion. In addition, I will deny plaintiff's motion to disregard defendants' motion for summary judgment and instead treat plaintiff's motion as a brief in opposition. As for defendants' motion for summary judgment, I will deny the motion with respect to plaintiff's claims that defendant McCullick used excessive force and defendant Fisher failed to intervene because defendants have failed to show that plaintiff did not exhaust his administrative remedies with respect to these claims. However, I will grant the motion with respect to plaintiff's remaining claims.

From the proposed findings of fact and the record, I find the following facts to be material and undisputed.

## UNDISPUTED FACTS

Plaintiff filed three offender complaints with the inmate complaint examiner relating to an incident in which he alleged a correctional officer used excessive force against him. First, in offender complaint WSPF2009-22619, plaintiff alleged that:

2

> Officer B. McCullick slammed my arm in the trap then pressed her knee against said trap. So that I could not escape the intensive pain she was causing me. As a result, I had to receive an ice pack from HSU.
>
> Officer J.D. Brown intentionally removed the "safety trap box" so that B. McCullick could slam my arm in the trap!

On October 14, 2009, the inmate complaint examiner rejected this complaint as outside the scope of the inmate complaint review system and stated that the disciplinary committee was the proper venue for this complaint. Plaintiff filed an appeal of this decision on March 1, 2010. The appeal has a date stamp indicating that it was received on March 25, 2010.

Plaintiff's second offender complaint, WSPF2009-22724, uses similar language to raise the same complaints. The complaint states:

> Officer B. McCullick slammed my arm in the trap. Then began deliberately pressing her knee up against said trap, making it entirely impossible for me to escape the intensive pain she was causing me. As a result, I had to receive an ice pack from HSU.

Once more, plaintiff accuses Officer J.D. Brown of "intentionally remov[ing] the 'safety trap box' in order for B. McCullick to slam my arm." The complaint examiner rejected this complaint on October 14, 2009, determining that his concerns would be addressed during the resolution of his first complaint. Plaintiff filed an appeal that was signed and dated October 16, 2009, but date stamped as received by the warden's office on March 15, 2010. (The parties dispute whether plaintiff filed the appeal when he signed it or when it was date

3

stamped.)

In WSPF2009-23152, plaintiff's final offender complaint, he alleged that:

> On the above date, I informed Captain Mason that I was physically assaulted by Officer B. McCullick and had to receive an ice pack for my injury. I also told her that I would like to give a statement to a detective from the Sheriff's department. However, Capt. Mason still continues to deprive me of my right to give a statement/police report to a detective from the Sheriff's department.

The complaint examiner rejected this complaint on October 19, 2009, because it was related to a conduct report and the disciplinary hearing had not yet occurred. Plaintiff filed an appeal that he signed and dated on October 23, 2009. The warden's office date stamped the appeal as received on March 15, 2010. (The parties dispute whether plaintiff filed the appeal when he signed it or when it was date stamped.) The warden's office rejected each of plaintiff's three appeals after determining that they were filed untimely.

## DISCUSSION

### A. Motion for Preliminary Injunction

First, defendants have moved to strike plaintiff's motion for preliminary injunctive relief. Although defendants are correct that plaintiff's motion for injunctive relief involves allegations similar to those raised in his previous motion, this court did not deny the

4

previous motion on its merits, but on procedural grounds because plaintiff had failed to follow court procedures. I do not find that plaintiff's current motion is redundant, immaterial, impertinent or scandalous for purposes of Fed. R. Civ. P. 12(f). Accordingly, defendants' motion will be denied.

Turning to the merits of plaintiff's motion. This court dismissed plaintiff's previous motion for a preliminary injunction because it failed to comply with this court's procedures for obtaining injunctive relief. Dkt. #23. In that order, I specifically cautioned plaintiff to submit his motion, brief, proposed findings and affidavit in separate filings, "insuring that he has signed his submissions . . ." For his second motion, plaintiff filed each document separately, but failed to sign his brief in support and proposed findings of fact. This is not the only problem with plaintiff's motion. Once again, plaintiff seeks injunctive relief for heart problems and breathing issues, matters unrelated to his claim before this court.

Also, plaintiff continues to allege that the prison is denying him necessary access to the law library and tampering with his correspondence to the court, but he makes only vague references to denial of his access and cannot point to any document that he attempted to send to this court that has not been received. To prevail on this motion for denial of access to the library, plaintiff had to identify specific problems that have inhibited his ability to litigate this case. He has failed to do so. Therefore, plaintiff's motion for injunctive relief

5

will be denied.

### B. Motion for Summary Judgment for Failure to Exhaust

As an initial matter, plaintiff filed a motion to disregard defendants' motion for summary judgment but he does not argue that the motion was untimely or should be disregarded for any equitable reason. It appears that plaintiff thought he needed to file a motion to disregard the motion for summary judgment to oppose it. He did not. I will deny plaintiff's motion to disregard the motion for summary judgment and instead treat the motion as a brief in opposition to defendants' motion for summary judgment.

Summary judgment may be granted if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, the court must view all facts and draw all inferences in the light most favorable to the non-moving party. Schuster v. Lucent Technologies, Inc., 327 F.3d 569, 573 (7th Cir. 2003).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must properly

"file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). The purpose of the requirement is to give prison administrators a fair opportunity to resolve the grievance without litigation. Woodford v. Ngo, 548 U.S. 81, 88-89 (2006). Defendants have the burden of proving plaintiff failed to exhaust his available administrative remedies. Kaba v. Stepp, 458 F.3d 678, 681 (7th Cir. 2006).

First, defendants argue that plaintiff failed to exhaust his administrative remedies because he did not file timely appeals of the rejections of his complaints. However, the parties dispute whether plaintiff's complaints were timely filed (plaintiff acknowledges that one of the first two duplicative grievances was not timely appealed). Although the date stamps on the appeals indicate that plaintiff delivered the appeals well after the ten-day deadline, plaintiff signed and dated the appeals within the ten-day period and avers that he "timely submitted" these appeals to the warden. At this stage, the court must draw all inferences in plaintiff's favor. I can infer from the date of the signature that plaintiff submitted his appeal within the ten-day deadline.

Defendants attempt to skirt this disputed issue by arguing that plaintiff nevertheless failed to exhaust because he did not appeal the rejection of his appeal to the corrections complaint examiner, as required by Wis. Admin. Code § DOC 310.13. Plaintiff's failure to

7

file this second appeal would make a compelling argument for failure to exhaust had plaintiff been directed down this path. However, at the first stage of the grievance process, the inmate complaint examiner directed plaintiff to seek redress of his complaints in the disciplinary hearing process, not through the Inmate Complaint Review System. The examiner rejected plaintiff's complaints as outside the scope of the review system because of pending disciplinary action.

Defendants' argument that plaintiff failed to exhaust because he did not travel down a path that the prison told him not to take will not carry the day. When an inmate is told his complaint is outside the scope of the review system and should be raised in the disciplinary process, the relevant question for purposes of exhaustion is whether plaintiff raised the complaints in the disciplinary process and filed the applicable appeals pursuant to Wis. Admin. Code § DOC 303.76. Shaw v. Jahnke, 607 F. Supp. 2d 1005, 1009 (W.D. Wis. 2009). Defendants provide no evidence of plaintiff's actions in the disciplinary process or subsequent appeals.

Defendants have more success with their second argument, which is that none of plaintiff's claims except the excessive force claim against McCullick relate to the grievances plaintiff filed. Thus, plaintiff never put the prison on notice of these claims and therefore failed to exhaust administrative remedies with respect to these claims.

8

As for the claim that defendant Fisher failed to intervene during Officer McCullick's use of excessive force, Fisher is not mentioned in any of plaintiff's three offender complaints. However, in the first two complaints, plaintiff mentions an Officer J.D. Brown, who allegedly "intentionally removed the 'safety trap box' in order for B. McCullick to slam my arm." An inmate is only required to put the prison on notice of his claims, not the correct name of each particular actor. At a minimum, plaintiff's grievance would have put the prison on notice that McCullick used excessive force and that another officer failed to intervene. The fact that plaintiff referred to J.D. Brown in his offender complaint and not defendant J.D. Fisher, will not cause the dismissal of his failure to intervene claim. (At any rate, it remains unclear whether J.D. Fisher may not have been known as J.D. Brown at the time; defendants do not say one way or the other.)

With respect to plaintiff's claim that defendants Hill, Wallace, Hartmann and Campbell failed to provide adequate medical care, plaintiff never suggested his medical care was inadequate. The only reference plaintiff makes to his medical care is that "[a]s a result [of McCullick's use of excessive force], I had to receive an ice pack from HSU." At no point does he state that any defendant denied him treatment or suggest that an ice pack was inadequate treatment for the severity of his injury. In context, plaintiff's mention of an ice pack relates to the alleged use of force, not any need for additional care.

9

Turning to plaintiff's claim that defendant Mason failed to protect plaintiff from future attacks by McCullick, plaintiff mentioned Mason in his last grievance but not for behavior related to this claim. Plaintiff complained only that he told Mason about the attack and asked to give a statement to a detective to pursue criminal charges against McCullick, but Mason denied that request. Nowhere in the grievance does plaintiff suggest that Mason was not doing enough to protect plaintiff from future assault or even suggest that plaintiff had concerns about future assaults.

Because plaintiff never filed an offender complaint related to his present claims against defendants Hill, Wallace, Hartmann, Campbell and Mason, he failed to exhaust his administrative remedies. I will grant defendants' motion with respect to these claims, but deny the motion with respect to plaintiff's claims against defendants McCullick and Fisher.

ORDER

IT IS ORDERED that

1. Plaintiff Hakim Naseer's motion for preliminary injunctive relief, dkt. #31, is DENIED;

2. Defendants' motion to strike plaintiff's motion for preliminary injunctive relief, dkt. #36, is DENIED;

3. Plaintiff's motion to disregard defendants' motion for summary judgment, dkt. #39, is DENIED; and

4. Defendants' motion for summary judgment for failure to exhaust, dkt. #26, is GRANTED with respect to plaintiff's claims against defendants Hill, Wallace, Hartmann, Campbell and Mason, and DENIED with respect to his claims against defendants McCullick and Fisher.

Entered this 3d day of September, 2010.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge